PER CURIAM.
11 Granted. The ruling of the trial court directing the state to provide defendant with the social security number of his deceased wife, victim of the murder for which he is charged, is reversed and this case is remanded for further proceedings. The state may, but is not required, provide open file discovery of the information in its possession. State v. Garrick, 03-0137, p. 1 (La.4/1/04), 870 So.2d 990; cf. Kyles v. Whitley, 514 U.S. 419, 436-37, 115 S.Ct. *418 1555, 1567, 131 L.Ed.2d 490 (1995) (“[T]he Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense.... We have never held that the Constitution demands an open file policy (however such a policy might work out in practice)!)]”). If the state withholds specific information requested by a defendant, a trial court’s discretion to order disclosure is circumscribed by the express provisions of Louisiana’s criminal discovery articles, La.C.Cr.P. arts. 716-729, which require the state to adhere to its constitutional duty to disclose exculpatory evidence, but which are primarily |/‘intended to eliminate unwarranted prejudice which could arise from surprise testimony.” State v. Toomer, 395 So.2d 1320, 1329 (La.1981). The discovery articles do not require the state to disclose personal background information in its possession relating to the victim of a crime, especially the victim’s social security number which is otherwise protected by federal law from disclosure by any authorized person, 42 U.S.C. § 405(c)(2)(C)(viii)(I), including any officer of a state, “who has or had access to social security account numbers or related records.” 42 U.S.C. § 405(c)(2)(C)(viii)(III). In the present case, defendant fails to show that his constitutional right to present a defense supplants the duty imposed by federal law to maintain the confidentiality of social security numbers and records and the trial court therefore erred in ordering the disclosure.